UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN MORGAN,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                             Case No. 1:09-CV-16

STATE OF MICHIGAN,
DEPARTMENT OF HUMAN SERVICES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Dkt. #10). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of civil complaints, the undersigned recommends that Defendant's motion be **granted in part and denied in part** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). Plaintiff began working for Defendant in 1989. Plaintiff was placed on sick leave in May 2006. On or about August 4, 2006, Plaintiff "was released to return to work per a reasonable accommodation request of part-time status due to her Post Traumatic Stress Disorder." On August 22, 2006, Sue Crum

1

informed Plaintiff that her request to work part-time had been denied. Crum further informed Plaintiff that she must either "provide a new request [for accommodation] with full-time status or accept a medical layoff." Plaintiff thereafter submitted a accommodation request, pursuant to which she would work full-time.

On August 24, 2006, Plaintiff was informed by her union steward that her initial request to return to work on a part-time basis *had* been approved. Plaintiff was told that Sue Crum "may not have known her part-time request was approved." Plaintiff was instructed to return to work on a full-time basis and informed that her initial request for a part-time accommodation would be resubmitted. Plaintiff later learned that her "part-time request was approved and the full-time request was neither approved or denied." Plaintiff nonetheless "continued to work full-time." Two and one-half days after she returned to work on a full-time basis, Plaintiff returned to her doctor, who advised her to "leave work" immediately. Plaintiff "refused," however, "believing she would be laid off" if she did so. Plaintiff subsequently suffered a "relapse" of her condition and was placed on "medical leave." Plaintiff retired in October 2007.

Plaintiff initiated this action on January 8, 2009, alleging that Defendant, by failing to accommodate her request to return to work on a part-time basis, violated her rights under the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, and the Michigan Persons with Disabilities Civil Rights Act. Plaintiff seeks monetary damages only. Defendant now moves to dismiss Plaintiff's complaint. Plaintiff has failed to respond to Defendant's motion.

**I.      Title VII Claim**

Plaintiff claims that Defendant violated her rights under Title VII. Defendant asserts that this claim must be dismissed because Plaintiff failed to "file an administrative charge before the EEOC or analogous state agency. . .and receive a right-to-sue letter at the conclusion of the administrative proceedings." Defendant further asserts that Plaintiff's Title VII claim is subject to dismissal for failure to state a claim on which relief may be granted.

A plaintiff must satisfy two prerequisites before bringing a Title VII action in federal court. She must first file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). *See Granderson v. University of Michigan*, 211 Fed. Appx. 398, 400 (6th Cir., Dec. 12, 2006); *Harris v. Giant Eagle, Inc.*, 133 Fed. Appx. 288, 292 (6th Cir., May 27, 2005). She must then initiate her action in federal court within 90 days of receiving a right-to-sue letter from the EEOC. *See Granderson*, 211 Fed. Appx. at 400; *Harris*, 133 Fed. Appx. at 292.

Plaintiff filed a complaint with the EEOC on November 3, 2006. (Dkt. #10, Exhibit B). On October 27, 2008, the EEOC dismissed Plaintiff's complaint and issued a right-to-sue letter. (Dkt. #10, Exhibit C). Defendant does not dispute that Plaintiff initiated the present action within 90 days of receiving the right-to-sue letter. Instead, Defendant asserts that because Plaintiff's EEOC complaint failed to include allegations of discrimination which implicated Title VII, Plaintiff is precluded from now asserting in this Court claims arising under Title VII. The Court agrees.

A plaintiff cannot assert a Title VII claim in federal court unless she first pursued such before the EEOC. *See Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). The Sixth Circuit has cautioned, however, that a pro se plaintiff's complaint to the EEOC must be "liberally construed." *Tisdale*, 415

3

F.3d at 527 (quoting *Haithcock*, 958 F.2d at 675); *see also*, *Duggins v. Steak 'N Shake*, 195 F.3d 828, 831-32 (6th Cir. 1999). Nevertheless, "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Tisdale*, 415 F.3d at 527 (quoting *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)). Accordingly, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Tisdale*, 415 F.3d at 527 (quoting *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)).

In her complaint to the EEOC, Plaintiff charged Defendant with "failure to accom[modate] disability" because it failed to approve her request to return to work on a part-time basis. (Dkt. #1, Exhibit 1 at 45 of 51). Plaintiff further alleged that her complaint was based on the ADA and the Michigan Persons with Disabilities Act. *Id.* The EEOC interpreted Plaintiff's complaint as asserting a claim under the ADA, but not Title VII. (Dkt. #1, Exhibit 1 at 41-42 of 51). There is no evidence that Plaintiff disputed this characterization or sought to amend her EEOC complaint. Even interpreting Plaintiff's EEOC complaint liberally, the Court finds that it fails to allege facts that could reasonably be expected to prompt an investigation under Title VII.

The Court recommends, therefore, that Plaintiff's Title VII claim be dismissed because Plaintiff failed to exhaust such before initiating the present action. However, even if Plaintiff's EEOC complaint is interpreted as alleging facts sufficient to trigger an investigation under Title VII, the Court recommends the same result as Plaintiff has failed to state a claim under Title VII upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for

failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in her favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a prima facie claim under Title VII, Plaintiff must establish that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was treated differently from similarly situated employees outside the protected class. *See Mitchell v. Vanderbilt University*, 389 F.3d 177, 181 (6th Cir. 2004); *Knox v. Neaton Auto Products Mfg, Inc.*, 375 F.3d 451, 456-57 (6th Cir. 2004). Plaintiff has failed to state a claim under Title VII because she has failed to allege that she is a member of a protected class. Accordingly, the Court recommends that Plaintiff's Title VII claim be dismissed.

**II.     ADA Claim**

Plaintiff asserts that Defendant, her former employer, violated her rights under the ADA. As previously noted, Plaintiff is seeking only monetary relief in this matter. Claims asserted under the ADA concerning employment practices must be asserted under Title I of the ADA. *See, e.g., Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1014 (6th Cir. 1997) ("the statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA"). The Eleventh Amendment, however, bars suits by private individuals for money damages under Title I of the ADA. *See Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363-74 & n.9 (2001); *Dendinger v. Ohio, BCI & I*, 207 Fed. Appx. 521, 528 (6th Cir., Nov. 14, 2006). The Court recommends, therefore, that Plaintiff's ADA claim be dismissed.

**III.       State Law Claim**

Plaintiff also claims that Defendant violated her rights under the Michigan Persons with Disabilities Civil Rights Act (MPDCRA). Defendant argues that the Court must dismiss this claim because "[t]he Michigan statute clearly provides that such a claim may be brought only in a Michigan circuit court." The Court disagrees with Defendant on this particular matter, but nonetheless recommends that Plaintiff's state law claim be dismissed.

Michigan law provides that an action brought under the MPDCRA "may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his or her principal place of business." Mich. Comp. Laws § 37.1606(2). The Court does not interpret this language as providing that the courts of the State of Michigan enjoy exclusive jurisdiction over claims asserted under the MPDCRA. Defendant has identified no authority suggesting such is the case. The Court, however, has located authority indicating that such claims *may* be heard by a federal district court pursuant to its statutory grant of supplemental jurisdiction. *See Key v. Grayson*, 163 F.Supp.2d 697, 705 (E.D. Mich. 2001) (court recognized that it *could* hear the plaintiff's MPDCRA claim pursuant to its supplemental jurisdiction authority). The Court, therefore, recommends that this aspect of Defendant's motion be denied.

While the Court *could* retain jurisdiction over Plaintiff's MPDCRA claim, the undersigned recommends that this claim be dismissed without prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America*

*Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same).  Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's MPDCRA claim and instead dismiss this claim without prejudice so that Plaintiff may pursue such in the appropriate state forum.

## CONCLUSION

As detailed herein, the undersigned recommends that <u>Defendant's Motion to Dismiss Plaintiff's Complaint</u>, (dkt. #10), be **granted in part and denied in part** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  April 7, 2009

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge